303 P.3d 67

Jerry D. COOK, a single man, Plaintiff/Counterdefendant/Appellant,

v.

TOWN OF PINETOP–LAKESIDE, a municipal corporation, Defendant/Counterclaimant/Appellee.

No. 1 CA–CV 12–0258.

Court of Appeals of Arizona, Division 1, Department D.

May 28, 2013.

Decker Holland, PLLC by Joseph E. Holland, Snowflake, for Plaintiff/Appellant.

Sims Murray Ltd., by Jeffrey T. Murray, Kristin M. Mackin, Phoenix, for Defendants/Appellees.

GEMMILL, Judge.

¶ 1 Jerry Cook challenges the summary judgment dismissing his quiet title action against the Town of Pinetop–Lakeside ("Town"). The trial court found Cook's action against the Town was time-barred under Arizona Revised Statutes ("A.R.S.") section 12–821 (2003).[1] Cook argues the trial court erred by applying the one-year statute of limitations and by applying an incorrect accrual date. For the following reasons, we reverse the summary judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This dispute involves property located in Pinetop–Lakeside, Arizona. Prior to 2001, the disputed parcel was part of a public right-of-way adjacent to Cook's property. In 2001, Cook asked the Town to abandon the subject property to him. The Town council agreed and passed a resolution that abandoned the property to Cook because the parcel was "no longer necessary for public use as a roadway or right-of-way." The resolution was recorded with the Navajo County Recorder.

¶ 3 In 2007, Cook's neighbor, Cletis Heffel, filed a notice of claim and complaint against the Town. Heffel asserted that the 2001 abandonment had caused his property to become landlocked. Heffel explained that he did not discover that his lot was landlocked until he began plans to build a home on the lot. The Town council held two public meetings to discuss how to resolve the property dispute. Cook was present and spoke at both meetings. At the second meeting, the Town council voted to rescind the 2001 abandonment. The Town's October 2007 resolution stated that the 2001 abandonment must be rescinded because it left Heffel's lot landlocked in violation of Arizona law.[2] The resolution was recorded with the Navajo County Recorder in October 2007.[3]

¶ 4 In February 2009, Cook brought a quiet title action against the Town and Heffel Tucson Property LP, the owner of Heffel's lot. The Town answered and filed a counterclaim seeking a declaratory judgment. The Town subsequently filed a motion for summary judgment arguing that Cook's claim was barred by the one-year statute of limitations under A.R.S. § 12–821. Cook responded by arguing that § 12–821 did not apply and that factual issues precluded summary judgment. The court granted the Town summary judgment, finding that because Cook was present when the Town council rescinded the abandonment, he had actual knowledge of the Town's actions. The court concluded, therefore, that "[t]he litigation against the Town is time barred by A.R.S. 12–821."

¶ 5 In February 2012, the trial court entered a final judgment (with Arizona Rule of Civil Procedure 54(b) certification) against Cook with respect to Town's claims. Cook timely appeals. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003) and 12–2101(A)(1) (Supp.2012).

## ANALYSIS

¶ 6 We review de novo whether the entry of summary judgment was proper based on the trial court record. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund,* 201 Ariz. 474, 482, ¶ 13, 38 P.3d 12, 20 (2002). Summary judgment is appropriate when the record presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(e); *Orme Sch. v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). The question presented is whether A.R.S. § 12–821 bars Cook's complaint, a question of law we review de novo. *City of Tucson v. Clear*

---

1. Unless otherwise specified, we cite the current versions of statutes when no material revisions have been enacted since the events in question.

2. Arizona Revised Statutes § 28–7215 (2013) states in pertinent part that "a roadway shall not be vacated if any land adjoining the roadway is left without a public or private legal access connecting the land with an established public roadway."

3. The question whether the October 2007 resolution effectively rescinded and reversed the 2001 abandonment is not before us. We express no opinion regarding the effect of the 2007 action.

*Channel Outdoor, Inc.,* 209 Ariz. 544, 547, ¶ 8, 105 P.3d 1163, 1166 (2005).

¶ 7 Cook initially argues that § 12–821 does not apply to his claim against the Town, a claim he characterizes on appeal as an inverse condemnation claim. Cook's complaint against the Town, however, includes only a quiet title action, not an inverse condemnation claim, and the two claims are not the same. *See State v. Mabery Ranch Co.,* 216 Ariz. 233, 249, ¶ 74, 165 P.3d 211, 227 (App.2007) (noting "there is a significant distinction between a cause of action for damages ... and a cause of action to quiet title, which seeks a judicial determination of title, rather than damages"). An inverse condemnation claim requires the claimant to allege "the government either assumes actual possession of the property or places a legal constraint upon the property that substantially diminishes or destroys the owner's right to, and use [ ] of, the property." *Mabery Ranch,* 216 Ariz. at 242, ¶ 35, 165 P.3d at 220 (citation omitted). Cook does not allege that his property has been invaded or that he has suffered actual damages from a government constraint or intrusion. In fact, Cook acknowledged in his response to the Town's motion for summary judgment that he has not yet suffered any damages from the Town's purported rescission of the abandonment. We therefore reject Cook's argument that he is asserting an inverse condemnation claim, and we turn to whether Cook's quiet title action falls within § 12–821.

¶ 8 Section 12–821 states: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." We have held that A.R.S. § 12–821 is an unambiguous statute and must be interpreted according to its plain meaning. *See Flood Control Dist. of Maricopa Cnty. v. Gaines,* 202 Ariz. 248, 251, ¶ 6, 43 P.3d 196, 199 (App.2002); *Canyon Del Rio Investors, L.L.C. v. City of Flagstaff,* 227 Ariz. 336, 342, ¶ 24, 258 P.3d 154, 160 (App.2011). In *Flood Control,* we emphasized that the one-year limitation applies to "all actions" against any public entity. 202 Ariz. at 252, ¶ 9, 43 P.3d at 200. The "all actions" language does not lend itself to a limited interpretation that

excludes some claims against a public entity. *Id.* at 252, ¶ 9, 43 P.3d at 200. Indeed, "a more comprehensive word [than 'all'] cannot be found in the English language." *Flood Control,* 202 Ariz. at 252, ¶ 9, 43 P.3d at 200 (citation omitted). We agree with *Flood Control* that § 12–821 applies to "all" actions against public entities, including quiet title actions. Because Cook seeks quiet title against the Town, a public entity, the basic prerequisite for application of the provisions of § 12–821 is present.

¶ 9 Cook further argues that § 12–821 is a general statute of limitations that does not apply because there are more specific statutes of limitations that apply to recovery of real property. *See* A.R.S. §§ 12–521 to –529 (2003); *Save Our Valley Ass'n v. Ariz. Corp. Comm'n,* 216 Ariz. 216, 221, ¶ 22, 165 P.3d 194, 199 (App.2007) ("Under the principles of statutory construction, specific statutes control general statutes."). But this principle does not apply in light of the language of § 12–821 mandating application to "all" claims made against a public entity. *See Flood Control,* 202 Ariz. at 252, ¶ 9, 43 P.3d at 200 ("We must interpret an unambiguous statute according to its plain meaning."). Moreover, § 12–821 is not necessarily a general statute of limitations because it specifically applies to claims against public entities. We conclude, for these reasons, that § 12–821 is applicable to Cook's quiet title action against the Town.

¶ 10 The next question is whether Cook's cause of action accrued more than one year before Cook filed this quiet title action. We review de novo questions of law concerning the statute of limitations, including "when a particular cause of action accrues." *Montano v. Browning,* 202 Ariz. 544, 546, ¶ 4, 48 P.3d 494, 496 (App.2002).

¶ 11 The Town argued, and the trial court agreed, that Cook's quiet title action accrued in October 2007 because Cook was aware the Town had voted to rescind the 2001 abandonment. The Town argues that because Cook was present at the meeting, he had reason to know that the Town's actions would deprive him of the disputed property. Cook argues that his quiet title action has yet to accrue

because he has not been damaged by the Town's resolution. Cook explains that the Town purported to rescind the 2001 abandonment, but no one has subsequently infringed on his possession of the property.

¶ 12 The Town's accrual argument would be correct if Cook was suing to recover monetary damages. A claim for damages against the Town would accrue when "the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12–821.01(B) (Supp.2012) (emphasis added); see Dube v. Likins, 216 Ariz. 406, 411, ¶ 7, 167 P.3d 93, 98 (App.2007) (applying the definition of when a cause of action accrues under § 12–821.01(B) to the limitation period in § 12–821, in an action for damages). But Cook has sued to quiet title, not to recover damages.

¶ 13 In Arizona, the quiet title action is codified in A.R.S. § 12–1101 (2003), which provides that an action to "quiet title to real property may be brought ... against any person or the state when such person or the state claims an estate or interest in the real property." A quiet title action seeks a judicial determination of adverse claims in order to clear the title of disputed property. 74 C.J.S. Quieting Title § 1 (2013). A quiet title action is different from a claim to recover damages resulting from injury. In a quiet title action, the plaintiff asks that the "defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to plaintiff." A.R.S. § 12–1102(5) (2003).

¶ 14 The statute of limitations does not run against a plaintiff in possession who brings a quiet title action purely to remove a cloud on the title to his property. See City of Tucson v. Morgan, 13 Ariz.App. 193, 195, 475 P.2d 285, 287 (1970) (citing City of Tucson v. Melnykovich, 10 Ariz.App. 145, 149–50, 457 P.2d 307, 311–12 (1969)). The same principle is embraced in many other states. See Clary

v. Stack Steel & Supply Co., 611 P.2d 80, 83 (Alaska 1980) (stating that "[n]ormally no statute of limitations applies to a quiet title action brought by a person in possession of real property"); Muktarian v. Barmby, 63 Cal.2d 558, 47 Cal.Rptr. 483, 407 P.2d 659, 661 (1965) (holding "no statute of limitations runs against a plaintiff seeking to quiet title while he is in possession of the property"); Argyle v. Slemaker, 99 Idaho 544, 585 P.2d 954, 958 (1978) (similar); Peterson v. Hopkins, 210 Mont. 429, 684 P.2d 1061, 1065 (1984) (similar); Batty v. City of Hastings, 63 Neb. 26, 88 N.W. 139, 140 (1901) (holding the "lapse of time after the creation of a cloud upon a title will not bar an action by an owner in possession to have it removed"); Viersen v. Boettcher, 387 P.2d 133, 138 (Okla. 1963) (similar); Bangerter v. Petty, 225 P.3d 874, 878 (Utah 2009) (similar). But see Vincent Murphy Chevrolet Co. v. U.S., 766 F.2d 449, 452 (10th Cir.1985) (holding a claim accrues under the Federal Quiet Title Action when a plaintiff has "reasonable awareness that the government claims some interest adverse to the plaintiffs").

¶ 15 In Morgan, we rejected a statute of limitations argument in a quiet title action, explaining that "a cause of action to quiet title for the removal of the cloud on title is a continuous one and never barred by limitations while the cloud exists." 13 Ariz.App. at 195, 475 P.2d at 287. A cloud on title is "the semblance of a title or interest which ... appears to be valid and casts a doubt on the validity of the record title." 74 C.J.S. Existing Cloud § 12 (2013). As long as the cloud exists, the statute of limitations does not run against a plaintiff bringing a quiet title action who is in undisturbed possession of his property.[4] Morgan, 13 Ariz.App. at 195, 475 P.2d at 287.

¶ 16 Cook's action for quiet title is distinguishable from a claim for damages because the statute of limitations will generally accrue, and begin to run, at the time of actual damage. See Mabery Ranch, 216 Ariz. at

4. Cook asserts that no one has infringed on his possession of the property. The Town does not challenge that Cook is in peaceful possession of the property and has not made any showing that Cook's possession has been invaded, disturbed, or infringed in any way. Accordingly, we are not addressing here a situation in which the owner does not have uninterrupted possession of the property.

249, ¶ 74, 165 P.3d at 227; *Bangerter*, 225 P.3d at 877 ("If the action is a true quiet title action, meaning an action merely to 'quiet an *existing* title against an adverse or hostile claim of another,' then the statute of limitations will not bar the claim.") (emphasis in original; citation omitted). In *Mabery Ranch*, we addressed, in part, a plaintiff's slander of title claim for damages against the state in light of § 12–821. 216 Ariz. at 248–49, ¶¶ 68–75, 165 P.3d at 226–27. We determined that the plaintiff's claim for damages was barred under § 12–821, because "it is plain that Mabery was aware of its alleged damages more than a year prior to its filing of the counterclaim." *Id.* at 248, ¶ 70, 165 P.3d at 226. The court disagreed with the plaintiff's argument that its slander of title claim was a continuous wrong that "accrues each day." *Id.* at 249, ¶ 73, 165 P.3d at 227. The court recognized that "while slander of title may be a continuous wrong, limitations on a damages claim for slander of title begins to run when damages result." *Id.* at 249, ¶ 74, 165 P.3d at 227. In contrast, a quiet title action does not seek damages and does not accrue for statute of limitations purposes, at least as long as the owner maintains undisturbed possession of the disputed property.

¶ 17 In this case, Cook is in actual possession of the disputed property because the Town granted him the property in 2001. The Town's October 2007 resolution purporting to reclaim the disputed property created a cloud on Cook's title to the property. There is no evidence in the record that Heffel or the Town or anyone else besides Cook has begun using the disputed property. Cook's complaint against the Town alleges a claim for quiet title regarding the disputed property, not a claim for damages. Although Cook was no doubt aware from the Town council meetings of a controversy regarding the property, Cook's quiet title action is not barred by the statute of limitations on this record.

## CONCLUSION

¶ 18 Because Cook's claim against the Town for quiet title did not accrue for statute of limitations purposes, his claim is not barred by the one-year limitation period established by A.R.S. § 12–821. We therefore reverse the trial court's summary judgment dismissing Cook's quiet title claim and remand for further proceedings.

CONCURRING: JON W. THOMPSON, and DONN KESSLER, Judges.