NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVORICK ALLEN, *Plaintiff/Appellee,*

*v.*

MARGARET IENG, et al., *Defendants/Appellants.*

No. 1 CA-CV 23-0389
FILED 04-23-2024

Appeal from the Superior Court in Maricopa County
No. CV2021-013123
The Honorable John L. Blanchard, Judge

**AFFIRMED**

COUNSEL

Davorick Allen, Chicago, IL
*Plaintiff/Appellee*

Margaret Ieng, Bellevue, WA
*Defendant/Appellant*

Clarice E. Dancel, Bellevue, WA
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1        Margaret Ieng ("Ieng") and Clarice Dancel ("Dancel") (collectively, "Appellants") appeal from the superior court's quiet title judgment in favor of Davorick Allen ("Allen"). Because Appellants have not shown that the superior court erred in any respect, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2000, James Allen ("Grandfather") passed away. His wife, Alma Allen ("Grandmother"), became the personal representative of his estate. The estate included real property located on Weir Street in Phoenix ("Weir Property"). In 2021, long after Grandmother also passed away, Ieng asked to be appointed personal representative of Grandmother's estate. Ieng claimed she is Grandmother's daughter and Dancel is Grandmother's great-granddaughter. Ieng then recorded a deed of distribution against the Weir Property, purporting to transfer the property to "Margaret Dancel" and "Clarice Dancel."

¶3        In 2021, Allen sued Appellants and others to quiet title to the Weir Property. Allen alleged he was Grandmother's grandson and rightful heir and that the defendants were "attempting to foreclose a false and forged Deed of Trust[.]"

¶4        The superior court eventually scheduled a bench trial for April 27, 2023. At a pre-trial status conference, Ieng asked the court for a trial continuance so she could retain counsel. The court instructed Ieng to file a motion to continue.

¶5        The day before trial, Ieng filed two motions to continue. Ieng's first motion claimed that she recently fell down some stairs and injured herself. Ieng said she was on "heavy pain medication" and was having difficulty sitting, walking, and concentrating. She stated that she had a doctor's appointment scheduled for the first week in June and requested that the court reschedule trial for July 27. Ieng's second motion

again requested more time to retain counsel. Ieng repeated her request that the court reschedule trial for July 27 because "no attorney [was] available."

¶6 The next day, Ieng did not appear for trial. At the beginning of the proceedings, the court reviewed Ieng's various motions and acknowledged it was "reluctant" to proceed without her. The court noted, however, that Ieng received notice of the trial and had been informed that she could appear virtually. The court explained that Ieng's motions to continue were "vague and not supported" and that it had intended to question her about her requests, but she chose not to appear. The court, therefore, proceeded in Ieng's absence.

¶7 The court heard testimony from several members of the Allen family and received documentary evidence. Allen, for example, provided a document showing that Grandmother identified "Stanley Allen" as one of her sons when she applied to be the personal representative of Grandfather's estate. Allen provided his own birth certificate, along with other birth certificates, to show he was Stanley Allen's son. To demonstrate his familial relation, Allen also provided marriage licenses, family photos, and cards.

¶8 At the trial's conclusion, the court ruled in Allen's favor, finding that "Davorick Allen, Stanley Allen, Jr. and Roberta Allen are the rightful owners in fee simple of [the Weir Property]." The court quieted title to the Allens and declared that Ieng and the other defendants had no right, title, interest, or estate in the Weir Property.

¶9 The court later entered findings of fact and conclusions of law. The court again found that Allen and his siblings own the Weir Property, quieted title to them, and deemed several documents defendants recorded with the Maricopa County Recorder's Office to be null and void. The court entered final judgment quieting title to the Weir Property in favor of Allen and against Defendants.

¶10 Appellants timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A).

**DISCUSSION**

¶11 Appellants argue the court improperly denied Ieng's motion to continue, violated the statute of limitations, improperly added plaintiffs, found fraud without sufficient allegations and evidence, erred by not awarding them restitution, and was biased against them. On appeal following a bench trial, "we review the evidence in a light most favorable

to sustaining the verdict," and will accept the superior court's factual findings unless clearly erroneous. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51 ¶ 11 (App. 2009); Ariz. R. Civ. P. 52(a)(6). We review questions of law *de novo*. *Castro*, 222 Ariz. at 52 ¶ 12; *Ariz. Bd. of Regents v. Phx. Newspapers, Inc.*, 167 Ariz. 254, 257 (1991).

**¶12** Allen did not file an answering brief with this court. When an appellee fails to file an answering brief and debatable issues exist, we may consider such failure a confession of reversible error. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014); *but see Mayberry v. Stambaugh*, 1 CA-CV 23-0289, 2024 WL 1282653, *1 ¶ 5 (Ariz. App. March 26, 2024) (mem. decision) (Morse, J., specially concurring) ("[W]hen an appeal raises debatable issues, and a child's best interests are not at issue, we must treat an appellee's failure to respond as a confession of reversible error."). Appellants, however, have not raised a debatable issue, so we address the merits of their arguments and affirm the judgment.

## I.    Motion to Continue

**¶13** Appellants argue the court abused its discretion by denying Ieng's motions to continue and proceeding with the bench trial in her absence. We review the superior court's denial of a motion to continue for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 555 ¶ 18 (2014).

**¶14** On appeal, Appellants assert Ieng told the court she could not attend trial because she was in the emergency room due to harassment from Allen's family. But the record does not support that contention. Instead, Ieng told the superior court she needed a continuance because she had fallen nearly two weeks prior; Ieng did not state her injury was a result of someone harassing or harming her. While Ieng explained that she was in pain and taking medication, she never said she was in or had been to the emergency room. And, despite telling the superior court she was on "heavy pain medication," the record shows that she was prescribed a two-day supply of medication on April 15, twelve days prior to trial.

**¶15** Ieng also requested a continuance because "no attorney [was] available." By that point, this litigation had been pending for about two years. If Ieng had wanted to retain counsel, she already had sufficient time to do so. Ieng did not explain what efforts she had previously taken to retain counsel or what steps she planned to take to promptly do so. Moreover, Ieng filed her request only one day before trial.

**¶16** At trial, the court acknowledged that it was "reluctant" to proceed without Ieng. The court also noted that Ieng was informed, after

she moved to continue the trial, that she could appear virtually. But Ieng chose not to appear and the court denied her motions to continue because they were "vague and not supported." We agree with that characterization. The court did not abuse its discretion in refusing to continue trial and instead proceeding in Ieng's absence.

## II.    Statutes of Limitations

¶17        Appellants argue the court erred by quieting title in Allen's favor after the limitation periods in A.R.S. §§ 14-3803 and 14-3108(3) expired. But those statutes do not apply here.

¶18        Instead, both statutes deal with probate matters and neither governs a quiet title claim. First, § 14-3803(A) says creditor claims against a decedent's estate must be brought within two years of the decedent's death. Second, § 14-3108(3) says a claim contesting a probated will must be brought within "twelve months from the informal probate or two years from the decedent's death." Both statutes are irrelevant. Allen did not seek judgment as a creditor of Grandmother's estate, and he did not assert a claim contesting a probated will (it appears Grandmother died without a will). Instead, Allen sought judgment to quiet title to property based on his status as Grandmother's heir. Appellants do not argue that Allen missed any statute of limitations for a quiet title claim.[1] *See Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176 ¶ 15 (App. 2013) ("As long as the cloud exists, the statute of limitations does not run against a plaintiff bringing a quiet title action who is in undisturbed possession of his property.").

## III.    Fraud

¶19        Appellants argue that Allen failed to satisfy the heightened pleading standard for fraud claims under Arizona Rule of Civil Procedure 9(b). Appellants also assert that Allen was required to prove the "[nine] elements of fraud" under Arizona law, and that he failed to do so.

¶20        Claims based on fraud must "state with particularity the circumstances constituting fraud." Ariz. R. Civ. P. 9(b). While there is no "magic language" required to state a fraud claim, a plaintiff must "plead all the essential elements of [] fraud" in their complaint. *Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 141 ¶ 73 (App. 2014) (quoting *Linder v. Brown & Herrick*, 189 Ariz. 398, 404–05 (App. 1997)). Ieng failed to

---

[1]        Appellants also argue the court violated A.R.S. § 12-1103(B). That section governs attorney fees and costs, and Allen did not request attorney fees in the superior court.

challenge Allen's pleadings under Rule 9(b) in the superior court. That failure waives the issue on appeal. *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011).

**¶21** Moreover, Appellants are incorrect that Allen was required to satisfy the elements of common law fraud to prevail on a quiet title claim. The statute governing quiet title claims provides that such a claim "may be brought by any one having or claiming an interest therein . . . against any person . . . when such person . . . claims an estate or interest in the real property which is adverse to the party bringing the action." A.R.S. § 12-1101(A). Fraud is not mentioned in the statute. All Allen was required to prove was that he has an ownership interest in the Weir Property and Appellants claimed an adverse interest. Though the superior court eventually found that certain documents relating to the Weir Property "appear to be fraudulent and/or fraudulently obtained," that finding does not alter the statutory elements for Allen to succeed on his quiet title claim.

**¶22** Finally, because Ieng did not provide a transcript of the trial, we "presume the evidence and arguments presented at the [trial] support the [superior] court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 217 ¶ 9 (App. 2010); Ariz. R. Civ. App. P. 11(c)(1). Combining that presumption with the documents in the record, there was more than sufficient evidence supporting the court's finding that the documents Appellants relied on to claim ownership were fraudulent or fraudulently obtained.

## IV.    Additional Plaintiffs

**¶23** Appellants argue the superior court improperly added Roberta Allen and Stanley Allen Jr. as plaintiffs. The record does not show that those individuals were ever added as plaintiffs. Instead, the superior court, in its post-trial rulings, identified those individuals as Allen's co-owners of the Weir Property. There is nothing erroneous or even abnormal about a court in a quiet title action identifying all owners of the property at issue, even if only one is a named plaintiff. And Appellants do explain how the court's decision to quiet title in favor of Allen and his siblings, rather than just Allen, prejudiced them.

## V.    Restitution

**¶24** Appellants argue the court abused its discretion by ignoring tax payments Ieng purportedly made on the Weir Property and failing to order Allen to make restitution. No statute grants the losing party in a quiet title action restitution as a matter of right. *See* A.R.S. § 12-1101, *et seq.* If Appellants wanted reimbursement for payments made on the Weir

Property, they were required to file a counterclaim seeking restitution. And, once they did so, they were required to submit evidence at trial supporting such a claim. Because they did neither, they were not entitled to affirmative relief in the form of restitution.

## VI.   Judicial Bias

**¶25**       Finally, Appellants allege that the superior court was "bias[ed]" and "discriminatory against [Ieng]," "ignored" Ieng's filings, and "lost its integrity of the law" because the court's decisions "prejudiced" Ieng. We presume a superior court judge is "free of bias and prejudice[.]" *State v. Ramsey*, 211 Ariz. 529, 541 ¶ 38 (App. 2005) (citation and quotation marks omitted). Appellants have not overcome that presumption.

**¶26**       In fact, Appellants have no support for their view that the court was biased against them. The record tells a much different story. The court gave due consideration to Ieng's motions, including her motions to continue. The court attempted to accommodate Ieng by allowing her to appear virtually at trial. The court, even in Ieng's absence, carefully considered the testimony and other evidence and issued detailed findings of fact and conclusions of law. True, the court ruled against Appellants, but doing so is insufficient standing alone to show bias. *State v. Granados*, 235 Ariz. 321, 326 ¶ 14 (App. 2014).

## CONCLUSION

**¶27**       We affirm the superior court's judgment.

