609 P.2d 607

**Robert LANDRY and William Richards, Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA; and the Honorable Jack G. Marks, Respondents,**

**and**

**The Department of Public Safety and Michael J. Morris, Real Parties in Interest.**

**No. 2 CA–CIV 3557.**

Court of Appeals of Arizona, Division 2.

April 3, 1980.

Law Offices of Robert S. Wolkin by Robert S. Wolkin, Tucson, for petitioners.

Robert K. Corbin, Atty. Gen. by James L. Hohnbaum, Asst. Atty. Gen., Phoenix, for respondents and real parties in interest.

## OPINION

RICHMOND, Judge.

Petitioners have brought this special action to challenge the respondent court's granting of a motion for a change of venue to Maricopa County. Since venue rulings are appropriately reviewable by special action, *Bishop v. Marks,* 117 Ariz. 50, 570 P.2d 821 (App.1977), we assume jurisdiction and grant relief.

Petitioners had filed a complaint against the real parties in interest seeking injunctive relief and damages arising out of the serving of search warrants by officers of the Department of Public Safety, Pima County Sheriff's office and the Tucson Police Department. After a hearing, injunctive relief was denied and Pima County and the City of Tucson were dismissed as defendants, leaving only the Department of Public Safety and Michael J. Morris. The real parties in interest filed a motion for change of venue, the granting of which is the subject of this special action.

The legislature may restrict an individual's right to sue the state and the manner in which a suit may be maintained. Arizona Constitution, Article 4, part 2, § 18. It has adopted two statutes in this regard. A.R.S. § 12–824(B) provides:

> Upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa County.

That statute, however, is applicable solely to actions against the state for claims of negligence or on contract. A.R.S. § 12–821. Since the complaint seeks damages for the intentional interference with petitioners' businesses, § 12–824 is inapplicable.

The other statutory basis argued by the real parties in interest is subsection 16 of A.R.S. § 12–401, which states:

No person shall be sued out of the county in which such person resides, except:

\* \* \* \* \* \*

16. Actions against public officers shall be brought in the county in which the officer, or one of several officers holds office.

The latter statute does not apply either. Whether or not the Department of Public Safety is an entity subject to suit, *see Yamamoto v. Santa Cruz County Board of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App. 1979), it is not a public officer. It is not contended that defendant Morris is a public officer.

Since venue properly lies in Pima County and the real parties in interest have no statutory basis for securing a transfer to Maricopa County, the order of the respondent court is vacated and the case is ordered returned to Pima County.

HATHAWAY, C. J., and HOWARD, J., concur.