IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

OCT −1 2013

COURT OF APPEALS
DIVISION TWO

N. TERRYL ROGERS, as Successor )
Trustee for the Bankruptcy Estate of ) 2 CA-CV 2013-0015
Michael Keith Schugg, ) DEPARTMENT A
)
          Plaintiff/Appellant, ) O P I N I O N
)
          v. )
)
BOARD OF REGENTS OF THE )
UNIVERSITY OF ARIZONA, )
)
          Defendant/Appellee. )
)

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. S1100CV200905071

Honorable Bradley M. Soos, Judge Pro Tempore

AFFIRMED

Beus Gilbert PLLC
  By Leo R. Beus, L. Richard Williams,
  Franklyn D. Jeans, and A. Erin McGuinness                Phoenix
                                Attorneys for Plaintiff/Appellant

Steven Weatherspoon, PLLC
  By Steven Weatherspoon                                  Tucson
                              Attorneys for Defendant/Appellee

M I L L E R, Judge.

¶1       N. Terryl Rogers, trustee of the bankruptcy estate of Michael Keith Schugg (Schugg), appeals from a judgment entered in favor of the Board of Regents of the University of Arizona (ABOR). The trial court found that Schugg's actions against ABOR alleging an easement in the road that traversed ABOR's property were time-barred under A.R.S. § 12-821. Schugg contends the court erred by dismissing his claims with prejudice and by granting summary judgment in favor of ABOR. This appeal requires us to determine when a quiet title action for an easement by implication[1] accrues pursuant to A.R.S. § 12-821. For the reasons set forth below, we affirm.

**Factual and Procedural Background**

¶2       The following facts are undisputed. ABOR is a subdivision of the State of Arizona and a "public entity" under A.R.S. § 12-821. It owns the burdened property, which is an experimental farm generally referred to as the Maricopa Agricultural Center (the MAC). Schugg owns the benefited property, a nearby parcel known as "Section 16." The Gila River Indian Community owns property encircling Section 16, including the property in between MAC and Section 16.[2]

---

[1]Schugg initially claimed an easement by implication, necessity or prescription. At oral argument, however, counsel acknowledged the claim was limited to an implied easement.

[2]The Gila River Indian Community encircling strip was the subject of extensive Chapter 11 bankruptcy proceedings. *See Schugg v. Gila River Indian Cmty. (In re Schugg)*, 384 B.R. 263 (Bankr. D. Ariz. 2008). Although initially referenced by Schugg in this case, it appears not to have been a material part of the parties' arguments or the trial court's decision.

**¶3** Smith-Enke Road (the Road) runs east-west through MAC and along the southern boundary of Section 16. It provided a western route from Section 16. In early 2008, ABOR constructed a gate on its land that blocked Schugg from using the Road.

**¶4** On September 17, 2008, Schugg demanded ABOR execute a quitclaim deed that would have provided an express grant of an easement to use the Road traversing ABOR's property. ABOR implicitly rejected the demand by not responding. On December 14, 2009, Schugg filed a verified complaint seeking judicial determination that he had an easement by implication, necessity and/or prescription over the Road, quiet title relief establishing the same, and a declaration that ABOR's gate blocking his access to the disputed section of the Road amounted to a trespass. ABOR answered Schugg's complaint and counterclaimed for quiet title relief and a judicial declaration that Schugg had no right, title, or interest in the MAC. ABOR holds fee simple title to the MAC conveyed by warranty and quitclaim deeds. Schugg does not rely on an express conveyance, such as a deed or will.

**¶5** ABOR moved to dismiss Schugg's complaint as barred by the one-year statute of limitations set forth in A.R.S. § 12-821. The trial court granted ABOR's motion and dismissed Schugg's complaint with prejudice, finding Schugg's claims barred under § 12-821. The court granted ABOR's subsequent motion for summary judgment on ABOR's counterclaims and entered judgment against Schugg. Schugg timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

3

**Discussion**

I. *ABOR's Motion to Dismiss*

¶6 Schugg argues the trial court erred in determining when his claims accrued under A.R.S. § 12-821. We review de novo questions of law concerning the statute of limitations, including "when a particular cause of action accrues," where, as here, such a determination "hinges solely on a question of law rather than resolution of disputed facts." *Montaño v. Browning*, 202 Ariz. 544, ¶ 4, 48 P.3d 494, 496 (App. 2002). In addition, because the court dismissed Schugg's complaint, we assume the truth of the well-pled allegations and uphold the dismissal only if Schugg would not be entitled to relief under any facts susceptible of proof. *Large v. Superior Court*, 148 Ariz. 229, 231, 714 P.2d 399, 401 (1986).

¶7 Section 12-821 states: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B); *see Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93, *supp. op.*, 216 Ariz. 421, ¶ 2, 167 P.3d 108, 108 (App. 2007) (definition of accrual in § 12-821.01(B) applies to both filing of notice of claim and filing of action); *Long v. City of Glendale*, 208 Ariz. 319, ¶¶ 11-16, 93 P.3d 519, 525-26 (App. 2004). An analysis of the elements of the underlying claim is necessary to determine when a cause of action accrues. *See Dube*,

4

216 Ariz. 406, ¶ 7, 167 P.3d at 98; *Glaze v. Larsen*, 207 Ariz. 26, ¶ 10, 83 P.3d 26, 29 (2004).

**¶8** Schugg contends he and his predecessors in interest acquired an easement appurtenant[3] by implication over the Road as a result of the federal government's intent to create an easement when it transferred title of Section 16 to the Territory of Arizona. Schugg concedes that he intermittently lost access to the Road in early 2008 when ABOR erected a gate. He contends that by erecting the gate, ABOR asserted it had sole control over the section of the Road traversing the MAC.

**¶9** An easement, unlike an estate in fee simple,[4] is a nonpossessory interest in land. *See Clark v. New Magma Irrigation & Drainage Dist.*, 208 Ariz. 246, ¶ 12, 92 P.3d 876, 879 (App. 2004); Restatement (Third) of Property (Servitudes) § 1.2 (2000); *see also* 4 Richard R. Powell, *Powell on Real Property* § 34.01[1], at 34-5 (Michael Allan Wolf ed., 2000). The holder of an easement has only a right "'to use the land of another for a specific purpose.'" *Siler v. Ariz. Dep't of Real Estate*, 193 Ariz. 374, ¶ 45, 972 P.2d 1010, 1019 (App. 1998), *quoting Ammer v. Ariz. Water Co.*, 169 Ariz. 205, 208, 818 P.2d 190, 193 (App. 1991).

---

[3]A common example of an easement appurtenant would be an easement allowing A, the dominant owner, ingress and egress to A's estate by crossing land owned by B, the servient owner. 4 Richard R. Powell, *Powell on Real Property* § 34.01[1], at 34-6 (Michael Allan Wolf ed., 2000).

[4]Generally speaking, an estate in fee simple is a possessory interest in land which has a duration potentially infinite or terminable upon an event certain to occur, and, if limited in favor of a natural person, would be inheritable by his collateral as well as by his lineal heirs. Restatement (First) of Property §§ 9, 14 (1936).

¶10 Easements usually are created by express conveyance, typically by deed, but may come into being less explicitly, by implication, or against the will of the owner of the burdened estate, by prescription. Powell, *supra*, § 34.04[1]. An easement may be implied where one is necessary to access a landlocked parcel or where a quasi-easement[5] has existed and the common owner thereafter conveys to another the quasi-dominant tenement. *See* Powell, *supra*, §§ 34.07[1], 34.08[2].

¶11 Schugg's trespass claim necessarily requires that he first establish a legal interest, such as an easement, in the burdened property. *See Beville v. Allen*, 28 Ariz. 397, 402, 237 P. 184, 185 (1925) (recovery in trespass always based upon wrongful invasion of plaintiff's rights); *see also Elowsky v. Gulf Power Co.*, 172 So.2d 643, 645 (Fla. Dist. Ct. App. 1965); *Gilman v. Brown*, 91 N.W. 227, 229 (Wis. 1902). Schugg sought to establish such a legal interest by asserting a quiet title claim against ABOR in this action. *See, e.g.*, *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R.*, 228 Ariz. 100, 263 P.3d 649 (App. 2011) (action to quiet title to alleged prescriptive easement after defendant obstructed access to plaintiff's property). Therefore, we initially address whether Schugg's quiet title claim accrued more than one year before Schugg filed his action.

---

[5]"When A owns all the land it is not possible for A as the owner to have a true easement over one part of the land in favor of another part." Powell, *supra*, § 34.08[2][a]. A quasi-easement may exist, however, when one part of a property is used for the service of another part, as for example, when part of the land contains drains, sewers, irrigation ditches, or roadways that increase the usability of another part. *Id.*

### a. *Accrual of Schugg's Quiet Title Claim*

**¶12** A quiet title action seeks a judicial determination of adverse claims in order to clear title of the disputed property. 74 C.J.S. *Quieting Title* § 1 (2013). The quiet title action is codified in A.R.S. § 12-1101 and can be brought against any person or the state when either claims an interest in real property. Unlike a claim to recover damages resulting from injury, a plaintiff in a quiet title action asks that the "defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to plaintiff." A.R.S. § 12-1102(5).

**¶13** A statute of limitations defense to a quiet title action turns on whether the claimant asserts a possessory interest in the land. This court recently held that "[t]he statute of limitations does not run against a plaintiff in possession who brings a quiet title action purely to remove a cloud on the title to his property." *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, ¶ 14, 303 P.3d 67, 70 (App. 2013); *see also City of Tucson v. Morgan*, 13 Ariz. App. 193, 195, 475 P.2d 285, 287 (1970) ("[A] cloud on the title and a cause of action to quiet title for the removal of the cloud on title is a continuous one and never barred by limitations while the cloud exists."); *Bangerter v. Petty*, 225 P.3d 874, 877 (Utah 2009) ("If the action is a true quiet title action, meaning an action merely to 'quiet an *existing* title against an adverse or hostile claim of another,' then the statute of limitations will not bar the claim.") (emphasis in original; citation omitted). As long as the owner maintains undisturbed possession of the disputed property, a quiet title action "does not accrue for statute of limitations purposes" under § 12-821. *Cook*, 232 Ariz.

7

173, ¶ 16, 303 P.3d at 71; *see also Mayer v. L&B Real Estate*, 43 Cal. 4th 1231, 1237 (2008) ("[W]hether a statute of limitations bars an action to quiet title may turn on whether the plaintiff is in undisturbed possession of the land."). On the other hand, "[i]f the party's claim for quiet title relief can be granted only if the party succeeds on another claim, then the statute of limitations applicable to the other claim will also apply to the quiet title claim." *In re Hoopiiaina Trust*, 144 P.3d 1129, 1137 (Utah 2006).

¶14        In *Cook*, the plaintiff brought a quiet title action while in actual possession of the disputed property and, despite a municipal resolution purporting to reclaim the disputed property, no one had subsequently infringed on plaintiff's possession of the property. *Cook*, 232 Ariz. 173, ¶ 17, 303 P.3d at 71. The case at bar is distinguishable from *Cook*. Schugg is not in actual possession of the disputed property and assuming without deciding Schugg has an easement over the Road, ABOR has infringed on Schugg's alleged property interest by blocking his access to the Road. *See, e.g.*, *Mountain States Tel. & Tel. Co. v. Kelton*, 79 Ariz. 126, 134-35, 285 P.2d 168, 173 (1955) (holding defendant's interference with plaintiff's express easement over defendant's property amounted to trespass).

¶15        Schugg's claim against ABOR is not a "true" quiet title action because he is not merely seeking to quiet an existing title against an adverse or hostile claim of another. *See Bangerter*, 225 P.3d at 878 (fact that claimant is not in possession of land is significant factor in concluding that statute of limitations bars claimant's quiet title action). Rather, it is Schugg who has brought an adverse or hostile claim against

8

ABOR's existing title. Indeed, here, Schugg can be granted quiet title relief only if he is successful on his underlying declaratory judgment claim, which asks the court to declare Schugg has a valid easement by implication over the disputed section of the Road. *See, e.g.*, *Kadlec v. Dorsey*, 224 Ariz. 551, 233 P.3d 1130 (2010) (plaintiffs sought declaratory judgment that they had a prescriptive easement over defendants' land). Thus, when the limitations period under § 12-821 began to run for Schugg's declaratory judgment claim, the period began to run for Schugg's quiet title claim as well. *See In re Hoopiiaina Trust*, 144 P.3d at 1137 (where quiet title relief depends on claimant's success on another claim, statute of limitations applicable to underlying claim also applies to quiet title claim).

b. *Accrual of Schugg's Declaratory Judgment Claim*

¶16 Having determined the accrual of Schugg's quiet title claim is dependent upon his underlying declaratory judgment claim, we next address the question of when Schugg's declaratory judgment claim began to accrue under § 12-821.

¶17 This court has held, and the parties agree, that A.R.S. § 12-821 extends to claims for declaratory relief. *See Canyon Del Rio Investors, L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 340, ¶¶ 24-26, 258 P.3d 154, 160 (App. 2011) (Section 12-821 applies to request for declaratory relief). A declaratory judgment action may be asserted as soon as a "justiciable controversy" exists. *Id.* ¶ 18; *see also Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, ¶ 10, 13 P.3d 785, 787 (App. 2000) ("[A] justiciable controversy exists if there is 'an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party.'"), *quoting Samaritan Health*

9

*Servs. v. City of Glendale*, 148 Ariz. 394, 395, 714 P.2d 887, 888 (App. 1996). The "question of whether and when statutes of limitations are applicable to declaratory relief actions is a less than clear area of the law" and the fact that a justiciable controversy exists does not, per se, constitute an accrual of an action for statute of limitations purposes. *W. Cas. & Sur. Co. v. Evans*, 130 Ariz. 333, 335-36, 636 P.2d 111, 113-14 (App. 1981). When a complaint asserts a claim for declaratory relief, the court looks for affirmative conduct by a party that removes the claim from "'the realm of mere possibility'" and creates an "actual controversy." *Id.* at 337, *quoting Gibralter Ins. Co. v. Varkalis*, 263 N.E.2d 823, 826 (Ill. 1970). In other words, some event in the nature of a "breach [of contract] or actual injury" must occur to constitute an accrual of an action under the statute of limitations. *Canyon del Rio*, 227 Ariz. 336, ¶ 19, 258 P.3d at 159.

¶18        Schugg filed his complaint on December 14, 2009. To be timely, Schugg's declaratory judgment claim must have accrued after December 14, 2008. The complaint acknowledges that, in the "beginning of 2008," ABOR "erected a gate on Smith-Enke [Road]" and in so doing "creat[ed] a . . . prohibition of [Schugg's] full use of the Road." The complaint also acknowledges that Schugg sent ABOR a letter on September 17, 2008, "demanding that [ABOR] execute and return quit claim deeds enclosed with said letter, granting [Schugg] . . . easements across the Road" and that "[ABOR] failed and refused to execute and return the quit claim deeds."

¶19        Schugg argues that a justiciable controversy "did not ripen into a declaratory-judgment claim until [he] commenced this action to obtain a judicial

10

declaration of his rights to the easement." In the alternative, Schugg argues that even if the justiciable controversy ripened into a claim when ABOR blocked Schugg's access to the Road, a new cause of action arose each time the gate was opened and closed. We disagree with both theories.

¶20 The September 17 demand letter claims ABOR "continues to unlawfully block access" to the Road. The complaint repeated the claim, adding that ABOR takes "the position that it has sole control of the Road," which damaged Schugg's interests. Schugg's allegations transformed his claims from "mere possibility" to an "actual controversy" as to whether Schugg had a valid easement to the Road. *See W. Cas. & Sur. Co.*, 130 Ariz. at 337, 636 P.2d at 115. Moreover, if he had a valid easement, Schugg suffered an "actual injury" when ABOR prohibited Schugg's access to the disputed property in early 2008. *See Canyon del Rio*, 227 Ariz. 336, ¶ 19, 258 P.3d at 159. Schugg knew or should have known of his claims before December 14, 2008. *See A.R.S.* § 12-821.01(B) (cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage."). Schugg's complaint establishes that he knew, or should have known, at least by September 17, 2008, that there was a controversy about his use of the Road. Therefore, Schugg's action

for declaratory judgment accrued, at the latest, on September 17, 2008, and was time barred under § 12-821.[6]

### c. *Accrual of Schugg's Trespass Claim*

¶21 Schugg argues that his trespass claim is not barred by the one-year statute of limitations because ABOR's trespass is a continuous one. He contends there was a new trespass each time he discovered that the gate had been closed. We need not address whether ABOR's conduct constituted a continuous tort or if and when such a trespass accrued under § 12-821 because Schugg is barred from establishing property rights to the disputed section of the Road.

¶22 A trespass is an invasion of another's property rights. 74 C.J.S. *Trespass* § 1 (2013). In order to establish a claim of trespass against another, the claimant must possess a legal interest in the land against which the trespass is alleged. *See, e.g.*, Restatement (Second) of Torts § 161 cmt. b (1965) ("The actor's failure to remove from land *in the possession of another* a structure, chattel, or other thing which he has tortiously erected or placed on the land constitutes a continuing trespass . . . .") (emphasis added); *Mountain States*, 79 Ariz. at 134-35, 285 P.2d at 173 (defendant's interference with plaintiff's express easement over defendant's property amounted to trespass). Here, as outlined above, Schugg does not have a legal interest in the disputed property and he is

---

[6]We note that this result is specific to the facts and procedural posture of the case at bar. Had ABOR been first to bring a claim of quiet title relief and Schugg not sent the September 17, 2008 letter, which was key to triggering accrual for Schugg's claims, § 12-821 would not prevent adjudication of the merits of Schugg's claims.

12

barred from establishing such an interest in the Road. Therefore, Schugg's claim for trespass is moot.

### d. *The Public Entity Claims Act and Governmental Immunity*

¶23        Schugg next argues that "[c]onstruing the Public Entity Claims Act, A.R.S. § 12-820 *et seq.*," as we have here, "essentially reinstates governmental immunity." He further contends that to find his claims time-barred by the one-year statute of limitations would lead to an absurd result. We disagree.

¶24        Notwithstanding the abolishment of the substantive defense of governmental immunity in *Stone v. Ariz. Highway Comm'n*, 93 Ariz. 384, 381 P.2d 107 (1963), our supreme court has held that the legislature acted within the power granted to it by Arizona Constitution article IV, part 2, section 18 (the immunity clause) when it enacted statutes, including § 12-820, defining instances in which public entities and employees are entitled to immunity. *Clouse v. State*, 199 Ariz. 196, ¶ 24, 16 P.3d 757, 764 (2001). Section 18 provides: "The legislature shall direct by law in what manner and in what courts suits may be brought against the state." Ariz. Const. art. IV, pt. 2, § 18.

¶25        "[T]he immunity clause also provides the legislature with the explicit authority . . . to regulate the time within which suits against the state must be commenced." *Flood Control Dist. of Maricopa Cnty. v. Gaines*, 202 Ariz. 248, ¶ 13, 43 P.3d 196, 201 (App. 2002); *see also Stulce v. Salt River Project Agric. Improvement and Power Dist.*, 197 Ariz. 87, ¶ 22, 3 P.3d 1007, 1013 (App. 1999) (Article IV, pt. 2, § 18 of

13

the Arizona Constitution "specifically empowers the legislature to enact statutes of limitations and procedures that may treat lawsuits against the state differently from other lawsuits."). "The legislature may restrict an individual's right to sue the state and the manner in which a suit may be maintained." *Landry v. Superior Court*, 125 Ariz. 337, 338, 609 P.2d 607, 608 (App. 1980).

¶26 To hold that Schugg's claims are barred by the statute of limitations set forth in § 12-821 would neither reinstate broad governmental immunity nor lead to an absurd result. Rather, the application of § 12-821 to Schugg's claims would merely reflect the legislature's intent to "restrict an individual's right to sue the state and the manner in which a suit may be maintained." *Landry*, 125 Ariz. at 338, 609 P.2d at 608. Schugg is not barred from ever bringing suit against the government; he simply must assert his claims within one year from the date they accrue. He did not do so here.

e. *The Trial Court Applied the Proper Motion to Dismiss Standard*

¶27 Schugg next argues that the trial court committed reversible error by applying an incorrect standard to his motion to dismiss. He asserts the court failed to accept as true Schugg's allegation that he has an easement over the Road. In our review of the order granting ABOR's motion to dismiss, we assume the truth of Schugg's allegations. *Large*, 148 Ariz. at 231, 714 P.2d at 401; *see also Chamberlain v. Mathis*, 151 Ariz. 551, 554, 729 P.2d 905, 908 (1986) ("[I]n considering the propriety of [defendant's] motion to dismiss . . . we assume plaintiffs' allegations are true."). "The dismissal can be upheld only if petitioner's claim could not entitle him to relief under any

14

facts susceptible of proof." *Large*, 148 Ariz. at 231, 714 P.2d at 401. Although we assume plaintiff's well-pled factual allegations are true, "mere conclusory statements are insufficient." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶ 7, 189 P.3d 344, 346 (2008).

¶28 Here, the trial court evaluated Schugg's complaint and accepted its well-pled facts as true. As discussed earlier, Schugg's allegations reveal that his claims began to accrue no later than September 17, 2008, when it is undisputed that Schugg realized he had a cause of action against ABOR. The court was not required to accept as true Schugg's contrary legal conclusion that he had an easement over the disputed section of the Road. *See id.* Even if the court accepted as true Schugg's claim he had an easement, it does not change when his claims began to accrue. The event triggering accrual, ABOR's blocking of the Road, remains the same. Because the court correctly concluded that Schugg's complaint was filed more than one year after his cause of action accrued under A.R.S. § 12-821, it did not err in dismissing his complaint.

II. *ABOR's Motion for Summary Judgment*

¶29 Schugg next argues the trial court improperly granted ABOR's motion for summary judgment by relying on Schugg's inability to assert a legal interest in the property rather than on the strength of ABOR's own title. We review the granting of summary judgment de novo to determine whether there are any issues of material fact and whether the trial court erred in applying the law. *Hutto v. Francisco*, 210 Ariz. 88, ¶ 11, 107 P.3d 934, 937 (App. 2005).

¶30 "In a quiet title action the plaintiff must ordinarily prove his own title and cannot rely on defects in the defendant's title." *Mounce v. Coleman*, 133 Ariz. 251, 253, 650 P.2d 1233, 1235 (App. 1982); *see also Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (1966); *Saxman v. Christmann*, 52 Ariz. 149, 155, 79 P.2d 520, 522 (1938). Section 12-1104(B), A.R.S., provides:

> If it is proved that the interest or lien or the remedy for enforcement thereof is barred by limitation . . . the court shall have jurisdiction to enter judgment and plaintiff shall be entitled to judgment barring and forever estopping assertion of the interest or lien in or to or upon the real property adverse to plaintiff.

¶31 After the court dismissed Schugg's complaint, ABOR moved for summary judgment on its counterclaims, asking the court to quiet title in its name and to declare that "[Schugg] is forever barred, estopped and enjoined from asserting any right, title or interest in the MAC, including any right of access on, over or through the MAC and precluding any such claims in the future." The court granted ABOR's motion for summary judgment finding there was "no material factual dispute" and that ABOR was "entitled to judgment as a matter of law." Judgment was then entered against Schugg and the court ordered that ABOR "holds fee simple title to that certain real property located in Pinal County commonly referred to as the Maricopa Agricultural Center" and that Schugg "has no right, title or interest in the Maricopa Agricultural Center and is hereby barred and forever estopped from claiming any right, title or interest in the Maricopa Agricultural Center in any manner that is adverse to [ABOR]."

16

¶32    The facts material to ABOR's motion for summary judgment were undisputed, including the fact that ABOR held title to the property in question. The court had dismissed Schugg's claims, finding any interest in the property was barred by limitation. Pursuant to § 12-1104(B), ABOR was entitled to a judgment that Schugg was estopped from asserting an interest in the Road adverse to ABOR.

¶33    In the alternative, Schugg concedes the decision dismissing his complaint prevents him from enforcing any claimed easement or other right of access, but contends the quiet title judgment for ABOR harms future owners of Section 16 whose claims might not be barred by the statute of limitations. At oral argument, counsel further explained that the value of Section 16 would be enhanced for Schugg if he could defend against ABOR's quiet title action using facts and legal theories he would have asserted in his time-barred quiet title action. This argument fails whether considered under §§ 12-821 or 12-1104.

¶34    First, Schugg's argument essentially circumvents the statute of limitations. Such statutes not infrequently result in harsh outcomes. *Taylor v. Betts*, 59 Ariz. 172, 183, 124 P.2d 764, 768 (1942). Nonetheless, as our supreme court has stated: "The policy underlying the statute of limitations is primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded. This policy is sound and necessary for the orderly administration of justice." *Brooks v. S. Pac. Co.*, 105 Ariz. 442, 444, 466 P.2d 736, 738 (1970). Schugg was aware of his claim from the

17

first instance passage over the Road was barred by ABOR. By September 17, 2008, Schugg and his attorney warned that if ABOR continued to block the Road or refused to execute a quitclaim deed in his favor, it would "leave us no other choice than to seek intervention from the courts." Despite his knowledge of the claim and his legal rights, Schugg did not timely file his complaint. Having lost the right to prosecute his property claims, he cannot attempt to assert indirectly, using future owners, facts and theories he is barred from asserting directly. This result is not unjust for future owners of Section 16 because they would not expect to acquire from Schugg any greater rights to the Road than he possessed at the time of transfer. *See Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 13, 676 P.2d 642, 647 (App. 1983) (assignee of real property can claim no greater rights than its assignor); *Cashion v. Bank of Ariz.*, 30 Ariz. 172, 183, 245 P. 360, 364 (1926) (assignor cannot convey greater property than he himself holds).

¶35        Second, the quiet title statute requires the court to enter judgment on behalf of a plaintiff against a defendant who cannot enforce a real property interest because the defendant's action is barred by limitation. A.R.S. § 12-1104(B); *see, e.g.*, *Berryhill v. Moore*, 180 Ariz. 77, 88 n.4, 881 P.2d 1182, 1193 n.4 (App. 1994) (Section 12-1104 "provides that where it can be shown that enforcement of a lien is barred by a statute of limitations, a person seeking quiet title is entitled to judgment barring assertion of the lien."). Having found that Schugg's property actions were time-barred, the court was required to grant ABOR's motion for summary judgment and quiet title in its name.

**Disposition**

¶36      For the foregoing reasons, the trial court's judgment is affirmed. Pursuant to A.R.S. § 12-1103, we award ABOR its attorney fees on appeal upon compliance with Rule 21, Ariz. R. Civ. App. P. *See Long v. Clark*, 226 Ariz. 95, ¶¶ 2-6, 244 P.3d 99, 100 (App. 2010).

/s/ *Michael Miller*
MICHAEL MILLER, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge