NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JEFFREY STEBBINS, *Plaintiff/Appellant*,

*v.*

JOSEPH M. SULLIVAN, *Defendant/Appellee*.

No. 1 CA-CV 14-0774
FILED 2-9-2016

---

Appeal from the Superior Court in Maricopa County
Nos.  CV2012-014152, CV2012-014153
(Consolidated)
The Honorable Lori Horn Bustamante, Judge
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Coppersmith Brockelman, PLC, Phoenix
By L. Keith Beauchamp, Katherine DeStefano
*Counsel for Plaintiff/Appellant*

Law Office of Nathaniel P. Nickele, PLLC, Phoenix
By Nathaniel P. Nickele
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

**D O W N I E**, Judge:

¶1       Jeffrey Stebbins appeals from the entry of summary judgment in favor of Joseph Sullivan on statute of limitations grounds. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2       Sullivan signed an employment agreement with Noble Systems Incorporated ("Noble Systems") in 2006 when he became Director of Engineering. Under the terms of that agreement, Sullivan agreed to complete work on a tankless water heater. The employment agreement stated that "[a]ll information, ideas, concepts, improvements, discoveries and inventions" Sullivan developed during his employment were Noble Systems' "exclusive property." The agreement further provided:

> Employee assigns, transfers and conveys to the Company all of his worldwide rights, in and to all such information, ideas, concepts, projects, improvements, discoveries and inventions, and any United States or foreign patent applications applicable thereto, that relate to the business, products, projects, or services of the Company. Employee shall assist the Company and its nominee at all times and in all manners, during his employment and after it ends, in protecting the Company's rights in such information, ideas, concepts, improvements, discoveries and/or inventions.

¶3       In early May 2008, counsel for Noble Systems submitted a patent application for a tankless water heater to the United States Patent and Trademark Office ("USPTO"). The application identified Sullivan as the inventor. On May 26, 2008, Noble Systems' president asked Sullivan to sign a document assigning the patent rights to Noble Innovations Incorporated ("Noble Innovations") — a related company. Sullivan refused because Noble Systems owed him money.

¶4 In June 2008, Noble Systems reportedly merged into or was acquired by Noble Innovations. Sullivan continued to work with Noble Innovations but did not sign a new employment agreement. In 2009, Sullivan quit because he had not been paid for several months.

¶5 In 2011, Sullivan revoked the power of attorney previously given to Noble Systems' counsel and began communicating directly with the USPTO regarding the patent application. In April 2012, the USPTO issued the patent in Sullivan's name. Sullivan later tried unsuccessfully to sell the patent rights.

¶6 In September 2012, Stebbins sued Noble Innovations, its president, and other entities and individuals. In 2013, as part of the settlement of a separate lawsuit, Noble Innovations reportedly assigned to Stebbins "any and all rights it may have in patents." Stebbins thereafter amended his complaint to add Sullivan as a defendant — asserting unjust enrichment, conversion, and declaratory relief claims against him.

¶7 Sullivan moved for summary judgment, arguing, *inter alia*, that Stebbins' claims were time-barred. The court granted the motion, entered judgment in favor of Sullivan, and awarded him $70,000 in attorneys' fees. Stebbins timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶8 On appeal from summary judgment, we review *de novo* whether there are any genuine issues of material fact and whether the trial court properly applied the law. *See Parkway Bank & Trust Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013). We view the record "in the light most favorable to the party against whom summary judgment was entered." *Id.*

### I. Statute of Limitations

¶9 "As a matter of public policy, our legislature has determined that claims must be brought within an identifiable period of time, and claims brought thereafter are, absent certain circumstances, too stale to be enforceable." *Porter v. Spader*, 225 Ariz. 424, 427, ¶ 7 (App. 2010). Courts examine four factors in determining whether a claim is time-barred: (1) when the cause of action accrued; (2) the applicable limitations period; (3) when the claim was filed; and (4) whether the limitations period was tolled or suspended. *Id*. at ¶ 8. Only the first two factors are at issue in this appeal.

¶10 "As a general matter, a cause of action accrues, and the statute of limitations commences, when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). Under the traditional construction of that rule, the statute of limitations begins to run "when the act upon which legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim." *Id.* We review *de novo* the question of when a cause of action accrues if that determination rests on a question of law rather than disputed facts. *Montano v. Browning*, 202 Ariz. 544, 546, ¶ 4 (App. 2002).

## A.     Unjust Enrichment

¶11 Stebbins does not challenge the superior court's determination that a four-year statute of limitations applies to his unjust enrichment claim. *See* A.R.S. § 12-550. He argues instead that his claim did not accrue until the USPTO issued the patent. We conclude otherwise.

¶12 In his unjust enrichment count, Stebbins alleges "Sullivan's work on the patent constitutes a 'work for hire,' and Sullivan has no legal claim on the patent." Yet Sullivan clearly asserted a claim to the patent when he refused to assign the patent rights or assist Noble in protecting its rights in May 2008.[1] As Stebbins' opening brief notes, Noble's president "expected Sullivan to convey his interest in the Patent to Noble *after submission of the patent application*." (Emphasis added.) And both the factual record and legal principles support the superior court's determination that by refusing to assign the patent in May 2008, "Sullivan was enriched by the salary, etc., that his employer had paid him to develop the patent, and the employer was impoverished by those amounts."

¶13 Stebbins' reliance on *St. John's University v. Bolton*, 757 F. Supp. 2d 144 (E.D.N.Y. 2010), is unavailing. In *Bolton*, the employment agreement at issue "imposed a duty of future performance," and the defendants/inventors were not required to assign their rights until "a reasonable time following the issuance" of the patents. *See id.* at 163–65.

¶14 The superior court correctly ruled that Stebbins' claim for unjust enrichment is time-barred.

---

[1] Stebbins himself asserted in the superior court that Sullivan held "the patent hostage based on his claim that he is owed some unpaid compensation from Noble."

### B. Conversion

¶15 Stebbins acknowledges that an action for conversion must be filed within two years of its accrual. *See* A.R.S. § 12-542(5). Conversion is defined as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Shartzer v. Ulmer*, 85 Ariz. 179, 184 (1959); *see also Case Corp. v. Gehrke*, 208 Ariz. 140, 143, ¶ 11 (App. 2004) ("Conversion is defined as an act of wrongful dominion or control over personal property in denial of or inconsistent with the rights of another.").

¶16 The conversion count of the second amended complaint alleges that "Sullivan has exercised dominion and control over the patent by claiming the patent as compensation, refusing to convey the patent, and attempting to sell the patent for profit." On appeal, Stebbins attempts to recast this count as one based solely on Sullivan's attempt to sell the patent rights in 2012. Stebbins, however, is bound by the allegations of his complaint, which clearly allege acts occurring in 2008.

¶17 The record supports the superior court's determination that Sullivan's 2008 refusal to assign the patent "was an intentional exercise of control over the patent to the detriment of his employer, and demonstrated his unwillingness to comply with the provisions of the Employment Agreement." *Cf. Ariz. Real Estate Dep't v. Ariz. Land Title & Trust Co.*, 9 Ariz. App. 54, 61 (1968) (for limitations purposes, date of "demand and refusal may be treated as the date of conversion where demand and refusal are relied on to show a conversion") *superseded on other grounds by statute*, A.R.S. § 32-2188(E), *as stated in Chaffin v. Comm'r of Ariz. Dep't of Real Estate*, 164 Ariz. 474, 478 (App. 1990).

¶18 Stebbins' conversion claim accrued in May 2008 when Sullivan asserted rights to the patent by claiming it as compensation for unpaid wages and reimbursements and by refusing to sign the proffered assignment. The limitations period expired two years later — well before Stebbins filed his complaint.

### C. Declaratory Judgment

¶19 The declaratory relief count sought "a declaration stating that Sullivan's rights to the patent have been assigned to Plaintiff by the employment agreement between Sullivan and Noble and the patent assignment from Noble to Plaintiff." Because Arizona lacks a statute of limitations expressly applicable to declaratory relief actions, we determine the appropriate limitations period by "examining the substance of that

action to identify the relationship out of which the claim arises and the relief sought." *Canyon del Rio Inv'rs v. City of Flagstaff*, 227 Ariz. 336, 341, ¶ 21 (App. 2011).

**¶20**         Stebbins urges application of the six-year statute of limitations applicable to patent infringement. *See* 35 U.S.C. § 286. Stebbins concedes he is not suing for patent infringement, but argues "the substance of his claim is more analogous to patent infringement than breach of an employment contract." Sullivan, on the other hand, contends the one-year statute of limitations applicable to breaches of employment contracts applies, *see* A.R.S. § 12-541(3), because the declaratory relief claim "ultimately rests on the theory that Sullivan breached the Agreement by refusing to convey the Invention/Patent to Noble Innovations."

**¶21**         We agree with Sullivan. The declaratory relief claim that was pled arises from Sullivan's alleged failure to comply with the employment agreement. The complaint seeks a declaration that "Sullivan's rights to the patent have been assigned to [Stebbins] by the employment agreement between Sullivan and Noble." Accordingly, the one-year statute of limitations for breach of an employment contract applies.

**¶22**         In determining when a claim for declaratory relief arises, we look for "affirmative conduct by a party that removes the claim from the realm of mere possibility and creates an actual controversy." *Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 268, ¶ 17 (App. 2013). Sullivan's refusal to assign the patent rights in May 2008 or to assist Noble Systems in protecting its rights constituted such "affirmative conduct." Accordingly, the one-year statute of limitations on this claim expired in 2009.

## II.    Attorneys' Fees

**¶23**         Finally, Stebbins contends the superior court abused its discretion by awarding Sullivan $70,000 in attorneys' fees pursuant to A.R.S. § 12-341.01 and asserts the court failed to "articulate any rationale" for the $70,000 figure.

**¶24**         Trial courts have broad discretion in determining the amount of a fee award under § 12-341.01(A). *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). In *Warner*, the court identified factors that are "useful to assist the trial judge in determining whether attorney's fees should be granted." *Id.* There is, however, no requirement that a court make findings regarding these factors on the record. *Hawk v. PC Village Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 21 (App. 2013). "We will affirm an award with a reasonable basis even if the trial court gives no reasons for its

decision regarding whether to award fees." *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007). In reviewing a fee award, we view the record in the light most favorable to sustaining the trial court's decision. *Rowland v. Great States Ins. Co.,* 199 Ariz. 577, 587, ¶ 31 (App. 2001).

**¶25** Stebbins filed suit well after expiration of the limitations periods, and Sullivan prevailed on all claims. Sullivan requested $117,737.50 in fees, but was awarded only $70,000. On appeal, Stebbins asserts that "[e]ven the reduced attorney's fee award of $70,000 is an abuse of discretion given the inadequate description of time entries supplied by counsel." We disagree. Sullivan's counsel submitted an affidavit and detailed time records enumerating the legal services performed, as well as relatively modest hourly billing rates for counsel and a paralegal ($250 and $125 respectively). Under these circumstances, we find no abuse of discretion.

**¶26** Sullivan requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01(A). In the exercise of our discretion, we grant his request and will award a reasonable sum of fees, as well as taxable costs, upon Sullivan's compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION[2]

¶27        For the foregoing reasons, we affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[2]        Because we affirm dismissal of the complaint on statute of limitations grounds, we need not decide whether the superior court's alternative basis for dismissal — that the claims lacked substantive merit — was correct.