NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPH FARNSWORTH, et al., *Plaintiffs/Appellants*,

*v.*

CITY OF FLAGSTAFF, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0483
FILED 1-4-2022

Appeal from the Superior Court in Coconino County
No. S0300CV201900391
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Davis Miles McGuire Gardner, Tempe
By David W. Williams, Angelika O. Doebler
*Counsel for Plaintiffs/Appellants*

Jones Skelton & Hochuli PLC, Phoenix
By Michele Molinario, Derek R. Graffious, Justin M. Ackerman
*Counsel for Defendant/Appellee City of Flagstaff*

Arizona Attorney General's Office, Phoenix
By L. John LeSueur
*Counsel for Defendants/Appellees State of Arizona and Arizona Game and Fish Commission*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

**¶1**        This is an appeal from the dismissal of a declaratory judgment action by which Joseph Farnsworth and Patricia Buchanan (collectively, "Plaintiffs") challenged the validity of the City of Flagstaff's municipal ordinance regulating the feeding of wildlife.  We affirm because Plaintiffs failed to state a claim upon which relief could be granted.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The City adopted the ordinance at issue in 2013.  The ordinance authorized Arizona Game and Fish Commission officers (among others) to enforce its terms, and the City agreed to Game and Fish's request that it serve as the lead enforcement agency.

**¶3**        From November 2017 through October 2018, Game and Fish officers issued Plaintiffs multiple citations for violating the ordinance. Plaintiffs brought a civil action against the City, the State, and Game and Fish in August 2019.  Plaintiffs' second amended complaint requested declaratory relief from the ordinance on the theories that the ordinance was preempted by state law (Count 1) and enforcement had been unlawfully delegated to Game and Fish (Count 2).

**¶4**        The defendants moved to dismiss the second amended complaint under Ariz. R. Civ. P. ("Rule") 12(b)(6), arguing that the claims were time-barred and legally insufficient.  The superior court granted dismissal.

**¶5**        Plaintiffs filed a notice of appeal and a motion for new trial. In denying the new trial motion, the superior court explained that it had dismissed the action because (1) Plaintiffs' claims accrued at the time of the initial citation in November 2017 and therefore were time-barred under A.R.S. § 12-821; (2) the ordinance was not preempted by state law; and (3) Game and Fish had the authority to enforce the ordinance under A.R.S. §§ 13-3871 and 17-211.

2

**DISCUSSION**

**¶6** Dismissal under Rule 12(b)(6) is proper when "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012) (citation omitted). We review a dismissal under Rule 12(b)(6) de novo, assuming the truth of all well-pleaded factual allegations and all reasonable inferences therefrom. *Id.* at ¶¶ 8–9. We review the application of a statute of limitations de novo, looking to the nature of the claim rather than its form and applying the longer limitations period where two constructions are possible. *Broadband Dynamics, L.L.C. v. SatCom Mktg., Inc.*, 244 Ariz. 282, 285, ¶ 5 (App. 2018).

**¶7** Under A.R.S. § 12-821, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." The statute extends to claims for declaratory relief. *Rogers v. Bd. of Regents of Univ. of Ariz.*, 233 Ariz. 262, 267, ¶ 17 (App. 2013). The limitations period for declaratory relief claims is determined by "examining the substance of th[e] action to identify the relationship out of which the claim arises and the relief sought." *Canyon del Rio Invs., L.L.C. v. City of Flagstaff*, 227 Ariz. 336, 341, ¶ 21 (App. 2011) (citation omitted). When a declaratory relief claim relates to a damaging event, it must be brought before the expiration of the damages claim's limitations period. *Id.* at ¶ 22. But the claim is not time-barred when the relief sought is strictly prospective and relates to chilled potential conduct rather than incurred harm. *Cf. id.* (holding that "a claim for declaratory judgment concerning a zoning ordinance cannot be time-barred if it is brought *before* a related damage action accrues"); *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176, ¶ 14 (App. 2013) (holding that "[t]he statute of limitations does not run against a plaintiff in possession who brings a quiet title action purely to remove a cloud on the title to his property").

**¶8** In their second amended complaint's prayer for relief, Plaintiffs sought declaratory judgment "barring enforcement and prosecution under the . . . [o]rdinance." Because that request for relief was purely prospective, it did not implicate the statutory limitations period. The superior court's wholesale dismissal of the second amended complaint on limitations grounds therefore was error.[1]

---

[1] To the extent that Plaintiffs suggested in their pleading's factual allegations that they sought relief specific to the citations they received, the

¶9        We next address whether the dismissal was warranted for the legal insufficiency of the claims.  As an initial matter, we note that Plaintiffs do not contest the dismissal of Count 1, the preemption claim, on the merits.  We therefore consider any challenge to Count 1's dismissal abandoned.  *See DeElena v. S. Pac. Co.*, 121 Ariz. 563, 572 (1979).

¶10       With respect to the dismissal of Count 2, the unlawful-delegation claim, we conclude that Plaintiffs failed to state a claim.  Plaintiffs alleged that the ordinance was invalid because Game and Fish was not contractually authorized to enforce the ordinance under A.R.S. § 11-952.   But § 11-952 does not prohibit agency cooperation absent a contract—it merely prescribes what a contract between public agencies for services or the joint exercise of powers (including mutual law enforcement aid, *see* A.R.S. § 13-3872) must contain.  Indeed, Game and Fish officers are statutorily authorized to "[g]enerally exercise the powers of peace officers," A.R.S. § 17-211(E)(6), and a peace officer's authority statutorily "may extend . . . to any place within the state" where, as here, "he has the prior consent of the chief of police, marshal, sheriff, or other department or agency head with peace officer jurisdiction, or his duly authorized representative, having the primary responsibility for law enforcement within the jurisdiction," A.R.S. § 13-3871.  The City's assignment of primary enforcement to Game and Fish through an agreement outside the confines of § 11-952 has no bearing on the ordinance's validity.

**CONCLUSION**

¶11       We affirm for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

limitations period did apply to bar relief concerning events that occurred more than one year before Plaintiffs filed their initial complaint.

4